IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| WILLIE ROGERS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:14cv658 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Willie Rogers, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2241 apparently challenging the validity of his arrest warrant and pre-trial detention. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

At the time he filed this petition, Rogers was awaiting trial in cause no. 6:13cr39, a criminal prosecution in the Eastern District of Texas. A detention hearing was held on July 27, 2014, at which time the Government's motion to detain was granted. Rogers entered a guilty plea and was adjudicated guilty on September 5, 2014, but has not yet been sentenced.

In his pre-plea habeas petition, Rogers asserted that the United States lacks jurisdiction to detain him because there was no violation of federal law; he explains that the alleged violations took place "on private and state property in the State of the Republic of Texas, which has proper jurisdiction to arrest and prosecute violations of the laws of the State of Texas." He also claimed that one of his co-defendants, Johnathan Brown, admitted to committing various offenses with which Rogers is charged and that the indictment does not allege federal offenses.

The Magistrate Judge issued a Report recommending that Rogers' petition be dismissed. The Magistrate Judge observed that Rogers' first claim was patently meritless because the property upon which Rogers was alleged to have committed offenses was subject to the jurisdiction of the United States. The Magistrate Judge also stated that Rogers cannot circumvent a pending federal prosecution by litigating the merits of his defenses against this prosecution in a pre-trial habeas proceeding, and that his challenge to the validity of his detention is not ripe because he did not appeal the order of detention under 18 U.S.C. §3145.

In his objections to the Report, Rogers cites the Tenth Amendment and says that the alleged robberies with which he was charged could only be violations of Texas state law. He contends that "if left to the government, every robbery in the State of Texas would be a federal offense."

Rogers also argues that a habeas petition is proper because the remedy under 28 U.S.C. §2255 is inadequate or ineffective. He reiterates that Brown confessed to the crimes and told law enforcement that he, Brown, was acting alone and states that a jurisdictional defect in the indictment can be raised at any point. Rogers further asserts that the Magistrate Judge was "splitting hairs" by referring him to 18 U.S.C. §3145, saying that "either these are violations of his civil rights or they aren't." He states that if the Magistrate Judge "is stating that the claims of violations raised in the 28 U.S.C. §2241 petition must be raised in an 18 U.S.C. §3145, then those same violations must be heard in an evidentiary hearing under 28 U.S.C. §2241 to the dismissal of Count One of indictment no. 6:13cv39."

Rogers' assertion that robberies can only be violations of Texas state law is incorrect. The indictment charges him with violations of the Hobbs Act, 18 U.S.C. §1951(a), which is a federal law. Criminal activities may violate both state and federal law and may be punished separately by the separate sovereigns. *See, e.g.*, United States v. Angleton, 314 F.3d 767, 771 (5th Cir. 2002). Rogers' innocence or guilt of the underlying charges is a matter to be adjudicated in the criminal case. The Magistrate Judge correctly determined that Rogers cannot circumvent a pending prosecution by litigating his claims and defenses in a pre-trial habeas petition, and Rogers has not

shown that an evidentiary hearing is warranted. *See* <u>Jones v. Perkins</u>, 245 U.S. 390, 391-92 (1918); <u>Stack v. Boyle</u>, 342 U.S. 1, 6-7 (1951). Rogers' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 5) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Willie Rogers is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 12th day of January, 2015.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**